UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BUFFALO SPORTS ENTERPRISES LLC,

                Plaintiff,

v.                                **DECISION AND ORDER**
                                        04-CV-1029S

DALRADA FINANCIAL CORP., ET AL.,

                Defendants.

## I. INTRODUCTION

In this diversity action, Plaintiff Buffalo Sports Enterprises LLC ("Buffalo Sports"), a New York corporation, brings suit against Defendants Source One Group, Inc. ("SourceOne") and its parent Dalrada Financial Corp. ("Dalrada"), both incorporated under the laws of Delaware, claiming a breach of an agreement to indemnify Plaintiff for all costs and expenses incurred as a result of claims arising from Defendants' failure to act in accordance with a client service agreement. Presently before this Court is Plaintiff's Motion for Summary Judgment.[1] For the reasons discussed below, Plaintiffs' motion is denied.

---

[1] In support of its Motion for Summary Judgment, Buffalo Sports filed a Rule 56.1 Statement, a Memorandum of Law, the Affidavit of Jack Turesky, the Affidavit of Kevin J. English, Esq., a Reply Memorandum, and a Second Reply Memorandum (Docket Nos. 56, 57, 58, 59, 86). In opposition to Buffalo Sports' motion, Dalrada and SourceOne filed a Rule 56.1 Statement with Exhibits, a Reply Memorandum of Law, a Supplemental Memorandum of Law in Response to Plaintiff's Motion for Summary Judgment with Exhibits, a Reply Memorandum of Law in Response to Plaintiff's Supplemental Brief, the Declaration of Shawn P. Martin, Esq. and the Affidavit of Eric Kincaid. (Docket Nos. 63, 65, 81, 87).

1

## II. BACKGROUND

**A.    Facts**

Buffalo Sports, formerly known as the Buffalo Destroyers, was a franchise in the Arena Football League.  Plaintiff's Rule 56.1 Statement ("Pl.'s Statement"), Docket No. 56, ¶¶ 1.)  Buffalo Sports was incorporated under the laws of New York, with its principal place of business in Buffalo, New York.  (Id. at ¶ 8; Plaintiff's Memorandum of Law ("Pl.'s Mem."), Docket No. 57, 14.)  Defendant SourceOne is a Professional Employment Organization providing workers' compensation coverage, with its principal place of business in Richmond, Virginia.  (Pl.'s Statement ¶ 2, 7.)  SourceOne, a Delaware corporation, is a subsidiary of Dalrada, itself a Delaware corporation.  (See id. at ¶ 27; Pl.'s Mem. 14.)

Buffalo Sports and SourceOne entered into a Client Service Agreement ("Agreement") on March 7, 2003, whereby SourceOne would provide insurance coverage for Plaintiff's employees, including its professional athletes.  (Pl.'s Statement ¶¶ 3-4, 16.)  The Agreement provided that each party would indemnify the other for all costs and expenses incurred by the other Party as a result of claims against one Party arising from the other Party's acts or failure to act.  (Id. at ¶ 4.)  The Agreement further provided that each party would bear its own costs and expenses, including attorney fees, for defending itself in any litigation in which Buffalo Sports and SourceOne were both named defendants.  (Affidavit of Jack Turesky, ("Turesky Aff."), Docket No. 58, Ex. 1.)

Over the course of the Agreement eight of Plaintiff's players were injured and sought relief in Workers Compensation proceedings commenced against Buffalo Sports and Liberty Mutual Insurance Company ("Liberty Mutual"), the insurance company through

which SourceOne had obtained insurance coverage for Plaintiff. (Pl.'s Statement ¶¶ 20-21, 31.) The Workers' Compensation Board ultimately concluded that Liberty Mutual was obligated to pay the injured claimants. (See Defendant's Supplemental Memorandum of Law in Response to Plaintiff's Motion for Summary Judgment ("Defs.' Supp. Resp."), Docket No. 81, 2-3.) Although the decision held Liberty Mutual solely responsible, Plaintiff incurred costs defending itself in the proceeding. (Plaintiff's Second Reply Memorandum of Law in Response to Defendant's Supplemental Memorandum of Law ("Pl.'s Second Reply"), Docket No. 86, 6-7.) Plaintiff now seeks indemnification of these costs from Defendant SourceOne and Dalrada. (Id.)

**B.    Procedural History**

Plaintiff commenced this action on September 22, 2004 by filing a complaint in the New York Supreme Court, Erie County against SourceOne and Dalrada, alleging a breach of contract. (Notice of Removal, Docket No. 1, Ex. A.)[2] The action was subsequently removed to the United States District Court for the Western District of New York on December 23, 2004. (Id.)

On June 23, 2006 Plaintiff filed a motion for summary judgment on its breach of contract claim against SourceOne and Dalrada Financial Corp. (Pl.'s Mem 15.) In the same motion, Plaintiff sought a stay pending the resolution of the Workers' Compensation proceeding, then ongoing. (Id. at 19.) This Court granted a stay on August 10, 2006. (Docket No. 64.) The case was ordered reopened on March 11, 2009, following the

---

[2]Plaintiff's original suit also named Hilb, Rogal & Hobbs as defendant, against whom SourceOne and Dalrada filed cross-claims. That defendant was dismissed with prejudice on March 18, 2009. (Docket No. 75.)

3

conclusion of that proceeding.  (Docket No. 73.)

Based on the decision by the Workers' Compensation Board and its affirmance by the Appellate Division, Plaintiff withdrew from its motion for summary judgment the part claiming a breach of the insuring agreement. (Pl.'s Second Reply 3-4.) Plaintiff continues to seek summary judgment on defendants' obligation to indemnify Plaintiff for costs incurred in defending the Workers' Compensation proceeding. (Id.)

## III.  DISCUSSION

### A.    Choice of Law

At the outset, this Court addresses Plaintiff's contention that New York's substantive law should be applied to resolve this dispute.  (Pl.'s Mem. 13-15.)   Determining the controlling substantive law requires application of New York's choice of law rules. Schwartz v. Liberty Mut. Ins. Co., 539 F.3d 135, 151 (2d Cir. 2008) (quoting Booking v. Gen. Star Mgmt. Co., 254 F.3d 414, 419 (2d Cir. 2001).  New York applies the "center of gravity" or "grouping of contacts" analysis to determine the applicable law in a contract dispute. Beth Isr. Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc., 448 F.3d 573, (2d Cir. 2006) (quoting Allstate Ins. Co. v. Stolarz, 81 N.Y. 2d 219, 226 (1993).  The factors considered under this analysis include: "the place of contracting, negotiation and performance; the location of the subject matter of the contract; and the domicile of the contracting parties."  Id. (quoting Allstate Ins. Co., 81 N.Y. 2d at 227).  Here, application of the aforementioned factors leads to the conclusion that New York's substantive law applies to the present dispute.  The Agreement was negotiated in New York.  The athletes to be insured were also located in New York.  Finally, the Workers' Compensation

proceeding, the conclusion of which was necessary to fully resolve the present matter, took place in New York.

This Court notes that the Agreement did contain a choice-of-law clause stating that California law be applied in interpreting the Agreement.  (Pl.'s Mem 14.)  New York courts will enforce a choice-of-law clause so long as the chosen law bears a reasonable relationship to the parties or the transaction.  Burns v. Del. Charter Guarantee & Trust Co., No. 10 Civ. 4535, 2011 WL 2314835, at *6 (W.D.N.Y. June 8, 2011)  Here there are no contacts between California and the present litigation aside from the choice-of-law clause itself.  Furthermore, Defendants have neither disputed Plaintiff's argument that New York law should govern, nor brought the clause to the Court's attention.  In the context of choice-of-law clauses, this constitutes a waiver.  Schwimmer v. Allstate Ins. Co., 176 F.3d 648, 650 (citing Cargill, Inc. v. Charles Kowsky Res., Inc., 949 F.2d 51, 55 (2d Cir. 1991).  Consequently, this Court will apply New York's substantive law.

**B.    Summary Judgment Standard**

Summary Judgment is warranted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003).  A fact is material if it "might affect the outcome of the suit under governing law." Anderson, 477 U.S. at 248.

The party seeking summary judgment must first demonstrate the absence of any disputed material facts.  The opposing party is then required to "go beyond the pleadings"

and "designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Holcomb v. Iona College, 521 F.3d 130, 137 (2d Cir. 2008). To carry this burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), and it "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible . . . or upon the mere allegations or denials of the adverse party's pleading," Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995) (internal quotation and citations omitted).

In assessing whether summary judgment is appropriate, the court's obligation is to view the evidence and the inferences drawn from the evidence "in the light most favorable to the party opposing the motion." Adickes v. S.H. Kress and Co., 398 U.S. 144, 158-59, 90 S.Ct.1598, 1609, 26 L.Ed.2d 142 (1970). The court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. "Only when reasonable minds could not differ as to the import of evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).

C.     **Plaintiff's Motion for Summary Judgment**

Plaintiff's motion for summary judgment seeks only indemnification for costs incurred in defending the Workers' Compensation proceeding. (Pl.'s Second Reply 3-4.) Plaintiff claims that Defendants failed to comply with ¶ 4.3 of the Agreement. (Id.) This paragraph states

> <u>Cooperation in Defense of Claims</u>. The parties agree that except where conflicts prevent the same, they shall render to each other such assistance as may reasonably be expected and to cooperate in good faith with each other in order to insure the proper and adequate defense of any claim . . . .

(Turesky Aff. Ex. 1.) Plaintiff claims it is entitled to recover costs based on the Agreement's indemnification provision. This provision reads in relevant part that

> Each party agrees to indemnify the other party . . . up to $50,000 from and against all . . . costs and expenses . . . incurred by the other Party, directly or indirectly, by reason of, resulting from or relating to . . . (a) Claims against one party arising from the other Party's acts or failure to act and/or errors or omission in accordance with . . . (ii) the terms and conditions of this Agreement . . . . Notwithstanding the foregoing each Party shall bear its own costs and expenses (including attorney fees) for defending itself in any litigation brought against it for which Client and SourceOne are both named defendants, whereby creating a potential conflict of interest.

(Turesky Aff. Ex. 1.)[3]

Defendants refer to the same provisions, but argue that 1) Plaintiff's cannot show that the indemnification provision applies because the Workers' Compensation proceeding

---

[3] The Court notes that the indemnification clause under which Plaintiff seeks recovery limits the recoverable amount to $50,000. A federal court sitting in diversity lacks subject matter jurisdiction where the amount in controversy is $75,000 or less. 28 U.S.C. § 1332(a)(1). However, the indemnification clause also permits "[t]he prevailing Party in any . . . matter arising under this section . . . to recover from the other Party all costs of such enforcement action including, without limitation, reasonable attorneys' fees, court costs and related expenses." (Pl.'s Statement ¶ 4.) Moreover, even if, following resolution of the Workers' Compensation proceeding, Plaintiff had sought to recover $75,000 or less, where a district court's subject matter jurisdiction was properly established at removal, it will be unaffected by post-removal reductions in the amount in controversy. <u>Yong Qin Luo v. Mikel</u>, 625 F.3d 772, 776 (2d Cir. 2010).

7

found that SourceOne had not breached its obligations; and 2) SourceOne was a named party in the Workers' Compensation proceeding and therefore each party was required to bear its own costs.

Summary judgment is inappropriate where the dispute hinges on the meaning of an ambiguous term. Fed. Ins. Co. v. Am. Home Assur. Co., 639 F.3d 557, 567 (2d Cir. 2011) (citing Haber v. St. Paul Guardian Ins. Co., 137 F.3d 691, 695 *2d Cir. 1998). However, whether contractual language is ambiguous is a question of law to be decided by the court. Compagnie Finaciere de CIC et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith Inc., 232 F.3d 153, 158 (2d Cir. 2000). Indemnity clauses, specifically, "must be strictly construed so as not to read into [them] any obligations the parties never intended to assume." BNP Paribas Mortgage Corp. v. Bank of America, N.A., No. 09 Civ. 9783, 2011 WL 1210208, at *36 (S.D.N.Y. Mar. 23, 2011) (quoting Haynes v. Kleinewfers & Lembo Corp., 921 F.2d 453, 456 (2d Cir. 1990). A plaintiff seeking to recover under a contractual indemnification clause must show a specific intent to allow recovery under that clause. Id.

Here, the disputed provision provides that parties will have to bear their own costs in the event that both are named defendants in the same dispute. The provision explains that this avoids the potential for conflicts of interest. Neither side disputes the meaning of this provision. Nor do the parties argue that the Workers' Compensation proceeding does not constitute litigation. Instead, the parties disagree over whether OneSource was a named defendant in the Workers' Compensation proceeding. This dispute does not appear to be over the meaning of terms, so much as about the factual circumstances of the case. Because neither party contends that the contract is ambiguous, and on the basis

of this Court's own review of the indemnification clause's language, this Court finds that the contract language is not ambiguous and it can proceed to consider whether summary judgment is warranted. See Schiavone v. Pearce, 79 F.3d 248, 252 (2d Cir. 1996) (citing Mellon Bank N.A. v. United Bank Corp. of N.Y., 31 F.3d 113, 115 (2d Cir. 1994).

New York's Workers' Compensation System requires employers to pay benefits to workers who are injured in the course of employment by requiring employers to carry insurance coverage for their workers. Liberty Mut. Ins. Co. v. Hurlbut, 585 F.3d 639, 641 (2d Cir. 2009). One of the ways employers obtain coverage, is by purchasing it from an approved insurance carrier. Id. A worker who suffers injury can then present a claim for compensation to his employer. McKinney's Workers' Compensation Law § 20. Bringing a claim within New York's Worker Compensation system is the worker's only remedy- an employee may not bring a separate suit against his employer. Liberty Mut. Ins. Co., 585 F.3d at 641. Because the interests of the employer and the insurer may conflict, the employer's insurance carrier may be made a party to the proceeding, giving it the opportunity to dispute the employee's claim, and have the matter resolved by a Workers' Compensation Law Judge ("WCLJ"). See Hurlbut, 585 F.3d at 642. Appeals are heard by a three-member Board panel, from which further appeal may be available to the full Board. Id. Judicial review is also possible in the New York State Supreme Court, Appellate Division, Third Department. Id.

Here, the parties dispute whether SourceOne was a named defendant in the Workers' Compensation proceeding. Plaintiff presents the Court with a copy of the cover page from its own Brief to the New York Supreme Court, which heard the appeal from the proceeding. (Pl.'s Second Reply Ex. B.) This page clearly shows SourceOne not listed as

9

a Defendant. (Id.) However, Plaintiff's submission of its own cover page is hardly conclusive, especially where, as here, a defendant has alleged that briefs from the other parties show the opposite. (See Defs.' Reply 4.)

Under New York's Workers' Compensation Law, only a party in interest can actively participate in a workers' compensation proceeding by presenting evidence and being represented by counsel. See McKinney's Workers' Compensation Law § 20; Dorato v. Blue Cross of W. N.Y., Inc., 163 F. Supp. 2d 203, 212 (W.D.N.Y. 2001). "Parties in interest only include the employer, its workers' compensation carrier, an appropriate special fund, and the claimant or a legal representative." Dorato, 163 F. Supp. 2d at 212 (citing McKinney's Workers' Compensation Law § 22).

Looking to the proceeding itself, the WCLJ granted SourceOne the right to produce witnesses. (Affidavit of Kevin J. English, Esq., Docket No. 59, Ex. 17.) Furthermore, SourceOne did actually have legal representation before the Workers' Compensation proceeding. (Pl.'s Statement ¶ 33.) Although that attorney later resigned, had SourceOne not been a defending party, it would not even have had the opportunity to present evidence or witnesses. See Dorato, 163 F. Supp. 2d at 212.

Additionally, SourceOne was a party in interest before the proceeding as a listed employer. The injured athletes brought claims against their employer, Buffalo Sports, and the insurance provider Liberty Mutual. However, both SourceOne and Buffalo Sports were listed as employers. (Defendants' Reply Memorandum of Law in Response to Plaintiff's Supplemental brief (Defs.' Reply), Docket No. 87, Ex. 1.) Both the WCLJ and the three-member board panel also found that SourceOne was one of the claimant's employers.

(Defs.' Supp. Resp. Ex. 4, Ex. 5).[4]

Plaintiff's memorandum supports the conclusion that SourceOne was a defending party in interest. Plaintiff points out that one of the possible results of the Workers' Compensation proceeding would have been for the Board to conclude that Buffalo Sports had not insured its athletes. (Pl.'s Mem. 10-11.) This would have meant that SourceOne would be liable to Buffalo Sports for not having obtained insurance as was contractually required. (Pl.'s Mem. 10-11.)

This highlights the very concern accounted for in the indemnification clause. The Agreement precludes resort to the indemnification clause where both parties are named defendants because of the potential for a conflict of interest. The Workers' Compensation proceeding presented such a conflict. Buffalo Sports had sought the services of SourceOne to secure insurance coverage. SourceOne, in turn, had obtained coverage through Liberty Mutual. In defending the proceeding, Buffalo Sports only needed to ensure that some insurance provider was found at fault, whether it was Liberty Mutual, SourceOne, or an earlier provider. (See Pl.'s Mem. 10-11). SourceOne, by contrast, needed to avoid being found personally liable. Under these circumstances, the Agreement did not require that SourceOne pay Plaintiff's expenses or attorneys' fees. See BNP Paribas Mortgage Corp., 2011 WL 1210208, at *36.[5] Because the indemnification clause on which Plaintiff relies is inapplicable in the present circumstance, Plaintiff's Motion for

---

[4] But see Long v. Liberty Mut. Ins. Co., 866 N.Y.S.2d 433, 435-36 (N.Y. App. Div. 2008) (affirming Board's decision but finding that, although SourceOne was technically listed as an employer, there was no employer-employee relationship).

[5] The Court notes that ¶ 4.3, on which Plaintiff also relies, similarly limits its application to situations where there is no conflict of interest. (Pl.'s Statement ¶ 4 ("The parties agrees that except where conflicts prevent the same . . . ."))

Summary Judgment must be denied.

## IV.  CONCLUSION

For the reasons stated above, Buffalo Sports' Motion for Summary Judgment on its indemnity claim is denied.

## V.  ORDERS

IT  HEREBY IS ORDERED, that Plaintiff's Motion for Summary Judgment (Docket No. 55) is DENIED.

SO ORDERED.

Dated:      September 15, 2011
            Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court

.